**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GUADALUPE BETANCOURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0472-CVE-FHM |
| ) | |
| MACY'S RETAIL HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Macy's Retail Holdings Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Dkt. # 25). Defendant Macy's Retail Holdings, Inc. (Macy's) argues that plaintiff's case should be dismissed for lack of standing, because plaintiff has not alleged that she has suffered an injury in fact caused by Macy's conduct.

**I.**

Guadalupe Betancourt resides in Arkansas City, Kansas, but she alleges that she has family in Tulsa, Oklahoma and regularly visits Tulsa. Dkt. # 22, at 1-3. She states that she qualifies as an individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., because she has cerebral palsy, has two dislocated hips, and uses a wheelchair. She claims that she visited the Macy's store at the Woodland Hills Mall in Tulsa, and was unable to "avail herself of the goods and services offered" by Macy's because "barriers to access at the property have endangered her safety." Id. at 2. She has identified four general categories - parking, entrance access and path of travel, access to goods and services, and restrooms - and provides specific allegations concerning Macy's alleged non-compliance with the ADA for each category. Id. at 3-5.

Betancourt claims that she has a "realistic, credible, existing and continuing threat of discrimination from [Macy's] non-compliance with the ADA." Id. at 2. She alleges that Macy's failure to comply with regulatory requirements for parking, store access, access to goods within the store, and restrooms have prevented Betancourt from shopping at Macy's. She alleges that she is a resident of Kansas, but regularly visits the Tulsa area. She claims that she will be returning to Tulsa for a baby shower on November 14, 2009, and intends to shop at Macy's during her visit to Tulsa. Id. at 3. She also claims that she "desires to visit Woodlawn [sic] Hills Mall and [Macy's] not only to avail herself of the goods and services available at the properties but to assure herself that these properties are in compliance with the ADA so that she, and others similarly-situated, will have full and equal enjoyment of the property without fear of discrimination." Id. at 2-3.

Plaintiff asks the Court enter a declaratory judgment that Macy's failed to comply with the ADA as of the filing of this lawsuit. She requests an injunction requiring Macy's to undertake any remodeling, repairs, or modifications to its store to ensure full compliance with the ADA. She also seeks attorney fees and costs associated with filing this lawsuit. Id. at 7-8.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, the Supreme Court recently held that Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Macy's argues that plaintiff lacks standing to pursue her claims under the ADA, because she has not suffered an injury in fact. Macy's argues that plaintiff is a resident of Kansas, and she has not alleged any facts suggesting that it is likely that she will return to the Macy's store at the Woodland Hills Mall in Tulsa. Plaintiff responds that the allegations of the amended complaint must be accepted as true, and she has alleged sufficient facts that she suffered an injury caused by Macy's failure to comply with the ADA. She also alleges that she can pursue claims for injunctive relief, because she has adequately alleged that she regularly visits Tulsa and intends to shop at the Macy's store in Tulsa.

3

Article III of the United States Constitution limits federal courts to the adjudication of "cases or controversies." U.S. CONST. art. III, § 2, cl. 1. "The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate." Tandy v. City of Wichita, 380 F.3d 1277, 1283 (10th Cir. 2004); see also Allen v. Wright, 468 U.S. 737, 750-51 (1984). The Supreme Court has recognized three elements for standing under Article III:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The standing requirement ensures that "the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). The primary focus for any analysis of standing under Article III "is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury." Morgan v. McCotter, 365 F.3d 882, 888 (10th Cir. 2004). The Court must determine if the plaintiff has standing "as of the time the action is brought." Nova Health Systems v. Gandy, 416 F.3d 1149, 1154-55 (10th Cir. 2005). The party invoking the jurisdiction of a federal court has the burden to establish Article III standing. New England Health Care Employees Pension Fund v. Woodruff, 512 F.3d 1283, 1288 (10th Cir. 2008).

Plaintiff's claim against Macy's falls under Title III of the ADA, because it concerns defendant's alleged failure to make its property accessible to persons with disabilities. A plaintiff must allege that she has encountered barriers in defendant's place of business due to the defendant's non-compliance with the ADA, and these barriers caused an injury to the plaintiff. Chapman v. Pier 1 Imports (U.S.) Inc., 571 F.3d 853 (9th Cir. 2009). A plaintiff may also have standing to proceed with an ADA claim if she alleges that she encountered barriers to accessing defendant's property, and she has been deterred from attempting to use defendant's facility. Skaff v. Meridian North America Beverly Hills, LLC, 506 F.3d 832, 840 (9th Cir. 2007). To have standing to demand injunctive relief, an ADA plaintiff must make plausible allegations of an "intent or desire to return to the place where [she] had previously encountered an ADA violation . . . ." Access 4 All, Inc. v. G & T Consulting Co., LLC, 2008 WL 851918 (S.D.N.Y Mar. 28, 2008).

The Court finds that plaintiff's amended complaint sufficiently alleges that she has suffered an injury in fact, and her case should not be dismissed for lack of standing. At the pleading stage, the Court must accept the allegations of the complaint as true, and general factual allegations of injury resulting from the defendant's conduct may be sufficient to survive a motion to dismiss. Carolina Cas. Ins. Co. v. Pinnacol Assur., 425 F.3d 921, 927 (10th Cir. 2005); City of Albuquerque v. United States Dep't of Interior, 379 F.3d 901, 913 (10th Cir. 2004). Plaintiff alleges that she attempted to shop at Macy's but was unable to avail herself of Macy's goods and services due to Macy's non-compliance with the ADA. Dkt. # 22, at 2. Although plaintiff does not reside in Tulsa, she claims that she regularly visits Tulsa and "desires to visit" Macy's when she returns. Id. at 2. She has also identified a specific date when she will visit Tulsa and asserts that she intends to shop at Macy's during her visit. Id. at 3. Defendant argues that plaintiff lives over 100 miles from Tulsa,

and it is not reasonable to accept her allegations that she will attempt to shop at the Macy's store in Tulsa. Dkt. # 25, at 5. However, the Court must accept the well-pleaded allegations of the complaint as true, and plaintiff has alleged that she will visit Tulsa in the near future and intends to shop at Macy's. Defendant cites Disabled Patriots of America, Inc. v. City of Trenton, New Jersey, 2008 WL 4416459 (D.N.J. Sept. 24, 2008), for the proposition that a plaintiff cannot demonstrate standing to proceed with a claim under Title III of the ADA if she lives over 100 miles from defendant's place of business. However, the plaintiff in Disabled Patriots attempted to demonstrate standing by alleging that its members would "'some day' return to the defendant's place of public accommodation," and this was insufficient to show that the plaintiff suffered an injury in fact. Id. at *3. Plaintiff has made specific allegations concerning when she will return to Tulsa and states that she intends to visit Macy's. The Court finds that plaintiff has adequately alleged that she suffered an injury in fact caused by Macy's conduct, and she has standing to proceed with her ADA claims.

**IT IS THEREFORE ORDERED** that Defendant Macy's Retail Holdings Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Dkt. # 25) is **denied**.

**DATED** this 13th day of November, 2009.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT